Dear Mayor Fontenot:
Your request for an opinion has been forwarded to me for research and reply. In your request you have asked the following two (2) questions related to compensation of public employees of the Town of Mamou ("Town"):
 (1) When a public employee of the Town is scheduled or required to work on one of the Town's established holidays, may the Town compensate the employee with his/her "holiday pay" at straight time (regular hourly rate of payment) in addition to his/her overtime rate (regular hourly rate plus one-half of rate) resulting in a total payment of double time and one-half (2.5 times the hourly rate); and
 (2) Would the foregoing compensation plan apply to public safety employees (i.e., Police Department personnel with 24-hour service and scheduling) and non-public safety employees (i.e., street/public works employees who generally function under a traditional work week)? *Page 2 
Initially it should be noted that according to the most recent census data, the Town has a population of 3,566 people.[1] Because the Town's population is less than 7000, its fire protection employees and police officers are not governed by the fire and police civil service laws.[2]
A. The Fair Labor Standards Act Applies to the Town of Mamou
The Fair Labor Standards Act (FLSA) applies to employees of state and local governments, including the Town of Mamou.[3] The FLSA requires all employers to provide their employees who work more than forty hours in a seven day work week with compensation of not less than one and one-half times their regular hourly rate of pay.[4] In the past our Office has correctly noted that political subdivisions may also provide employees with compensatory time off at a rate of not less than one and one-half hours for each hour of overtime actually worked.[5] It should also be noted that the FLSA has no requirement for double time pay.[6]
In La. Atty. Gen. Op. 01-0280 our Office discussed some of the exceptions to the FLSA's overtime compensation requirements pertaining to fire protection and law enforcement employees. In particular, we noted that 29 U.S.C. § 207(k) states as follows:
No public agency shall be deemed to have violated [the overtime compensation provisions] with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if —
 (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty or employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or *Page 3 
 (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1) bears to 28 days, compensation at a rate of not less than one and one-half times the regular rate at which he is employed.
(Emphasis added).
Similar to our conclusion in La. Atty. Gen. Op. 01-0280, which specifically focused on fire protection employees, in this case, law enforcement employees may be exempt from overtime compensation depending upon the amount of time the employee works in a 28 day period, as per the FLSA provisions quoted above. However, such a determination can only be made on a case by case basis, based on specific facts. Since 1918 it has been our Office's policy that there will be no opinions rendered on issues of fact.[7] Therefore, this office may not determine whether the FLSA exception for law enforcement employees applies to the Town of Mamou.[8]
Furthermore, according to the Department of Labor, in lieu of cash overtime compensation, the Town may also provide employees of police and fire protection with compensatory time at a rate of not less than one and one-half hour for each overtime hour worked; however, these employees may only accrue up to 480 hours of compensatory time.[9]
B. The Code of Ordinances for the Town of Mamou Defines the HourlyCompensatory Rate for Holiday Pay as Time and One-Half
The Town of Mamou is a Lawrason Act municipality, and its legislative powers are vested in and exercised by the board of aldermen.[10]
Because Title 33, Chapter 4, part III, Subpart B entitled "Minimum Wages and Maximum Hours" for municipal police departments only applies to those municipalities having a population not less than 12,000 people, this Subpart, which statutorily prescribes *Page 4 
holiday compensation for police departments, is inapplicable to the Town.[11] As previously addressed, however, the Town is not exempt from the FLSA. Thus, the FLSA and the Town's Code of Ordinances would govern holiday compensation for police officers as discussed above. Therefore, any ordinances passed by the Town related to overtime compensation or "holiday pay" must also comply with the FLSA.
Holiday pay is defined within the Town's Code of Ordinances. According to the Town's ordinances, all monthly and salaried full time employees and those hourly employees who work 40 hours per week or more after working for the Town for six months are eligible for paid holidays.[12]
On those established holidays, "[a]ny employee of the Town who is eligible for holiday allowances and who is required to work on any of the days or dates designated as a holiday will be allowed the option of either taking the holiday time off at a later date or being paid time andone-half for working that particular holiday, as prior agreed to between the employee and the mayor or police chief, as the case may be."[13]
The Town's ordinance establishing an hourly overtime compensation rate of time and one half is in compliance with the FLSA. Additionally, if the Town's "holiday time off" is equivalent to at least one hour and one-half for each hour worked on a holiday, then this provision of the ordinance is also in compliance with the FLSA.
As previously noted, the FLSA does not require double time pay, much less double time and one-half compensation, for working overtime. Yet the Town through its board of aldermen has established a holiday pay rate of time and one half for each hour that its employees actually work on holidays within its Code of Ordinances. Payment exceeding the holiday pay rate of double time and one half (2.5 times the hourly rate) would be in contravention of the Town's ordinances, and potentially amount to a misappropriation of public funds in violation of Article VII § 14 of the Louisiana Constitution. Therefore, should the Town desire to increase the holiday compensation for its employees beyond the established hourly rate of time and one-half, the board must amend its ordinances.[14] For example, in this case it may be in the Town's best interest to *Page 5 
amend its ordinances in order to pay its personnel additional compensation to work on holidays such as Mardi Gras where, due to the extent of the community involvement and participation, securing employees to perform essential and necessary public services and duties may prove to be a difficult task.
The foregoing analysis would also apply to those who are not public safety employees, and who generally function under a traditional work week (e.g., street/public work employees).
In sum, the Fair Labor Standards Act and the Code of Ordinances for the Town of Mamou govern the overtime compensation, which includes holiday pay, for municipal employees. Pursuant to the Town's Code of Ordinances, Chapter 2.24.040(C)(4), municipal employees eligible for holiday pay are entitled to either take holiday time off or to receive compensation at a rate of time and one-half for each hour worked on a holiday. The Town's established holiday compensatory rate of time and one-half is in compliance with the FLSA. Due to the Town's ordinance, holiday compensation for municipal employees shall not exceed the hourly rate of time and one-half. If the Town elects to pay its employees holiday pay of double time and one-half per hour worked, such a payment may be deemed gratuitous and amount to a prohibited donation of public funds in violation of La.Const. art. VII § 14. The Town of Mamou may remedy this situation by amending its Code of Ordinances.
We hope that this information sufficiently answers your inquires. If we can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KATHERINE K. GREEN Assistant Attorney General
 JDC:KG:jv
[1] See http://censtats.census.gov/data/LA/1602248085.pdf (last visited 11/18/10).
[2] La.R.S. 33:2531; La. Atty. Gen. Op. 86-589.
[3] 29 U.S.C. § 201, et seq.
[4] 29 U.S.C. § 207(a); see Vela v. City of Houston, 276 F.3d 659, 666
(5th Cir. 2001).
[5] La. Atty. Gen. Op. 01-0280.
[6] See http://www.dol.gov/elaws/faq/esa/flsa/016.htm (last visited 11/29/10).
[7] La. Atty. Gen. Op. 445 (1918-19).
[8] La. Atty. Gen. Op. 445 (1918-19).
[9] 29 U.S.C. § 207(o)(1) and (3). See also
http://www.dol.gov/whd/regs/compliance/whdfs8.htm (last visited 11/29/10).
[10] La.R.S. 33:361; La.R.S. 33:362(A)(1).
[11] La.R.S. 33:2211(A) entitled "Applicability; definition of `employee of police department'" states that "[t]he provisions of this Subpart shall apply to municipalities having a population not less than twelve thousand nor more than two hundred fifty thousand; however, R.S.33:2214 shall not apply to the City of Westwego."
[12] Code of Ordinances, Town of Mamou, Personnel, Chapter 2.24.040(C)(1), (2) [available at http:library3.municode.com (last visited 11/24/10)] (emphasis added).
[13] Code of Ordinances, Town of Mamou, Personnel, Chapter 2.24.040(C)(4) [available at http:library3.municode.com (last visited 11/24/10)](emphasis added).
[14] La.R.S. 33:1364 entitled "Revision of Ordinance" states as follows: "Any municipality or parish may, through its governing authority amend or revise on any date its existing ordinances, in whole or in part, may compile the revision in book or in pamphlet form and may adopt and promulgate the same." La.R.S. 33:1365 and La.R.S. 33:1366 cover promulgation of ordinances and the date upon which they go into effect.